# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL NO. 3:07CV266-W

| | | |
|---|---|---|
| ATLANTIC SKANSKA, INC., | ) | |
| | ) | |
| Plaintiff and Counterclaim | ) | |
| Defendant, | ) | |
| | ) | **MEMORANDUM AND RECOMMENDATION** |
| v. | ) | **AND ORDER** |
| | ) | |
| CITY OF CHARLOTTE, | ) | |
| NORTH CAROLINA, and CH2M | ) | |
| HILL, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| ATLANTIC SKANSKA, INC., | ) | |
| | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ENVIRONMENTAL | ) | |
| DYNAMICS, INC., | ) | |
| | ) | |
| Third Party Defendant. | ) | |

**THIS MATTER** is before the Court on the "City of Charlotte's Motion to Dismiss" (document #13) and ". . . Brief in Support . . ." (document #14) both filed August 24, 2007. On September 7, 2007, the Plaintiff filed its ". . . Response to City of Charlotte's Motion to Dismiss" (document #16), indicating that it intended to file a motion for leave to amend its Complaint to address the issue raised by the City of Charlotte in its Motion to Dismiss. Accordingly, the Plaintiff filed both its ". . . Motion for Leave to File its First Amended Complaint" (document #18) and ". . . Brief in Support . . ." (document #19) September 14, 2007. The City of Charlotte filed its ". . . Response and Objection . . ." (document #24) October 1, 2007. On October 8, 2007, the Plaintiff

filed its " . . . Reply . . ." (document #26).

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will <u>grant</u> the Plaintiff's Motion to Amend, and will respectfully recommend that the City of Charlotte's Motion to Dismiss be <u>denied as moot</u>, as discussed below.

## I.  PROCEDURAL AND FACTUAL BACKGROUND

This action arises out of new construction and rehabilitation of the McAlpine Creek Waste Water Management Facility Phosphorous Reduction Project in Pineville, North Carolina ("the Project").  The Defendant City awarded the contract for the Project to the Plaintiff in July 2003.

The Plaintiff alleges that during the course of its work on the Project numerous deficiencies with the construction documents furnished by the City were encountered, and that due to these deficiencies and for other reasons, the City issued numerous work order changes and otherwise directed the Plaintiff to perform additional work.  As a result, the Plaintiff alleges that it incurred additional costs and that completion of the Project was substantially delayed.

On July 11, 2007, the Plaintiff filed this action against the City of Charlotte ("the City") alleging breach of contract and seeking alternative relief under a quantum meruit theory. Specifically, the Plaintiff alleges that the original construction documents furnished by the City were incomplete and otherwise deficient, and that the additional work required and/or requested by the City entitles it to recover an amount in excess of that provided for in the written and executed contract.

The City has counterclaimed, requesting a declaratory judgment that the Plaintiff has been

paid in full for the work performed, and that it is <u>the Plaintiff</u> that breached the contract, including certain express and implied warranties, not the Defendant. Specifically, the City alleges that the delays are attributable to the Plaintiff and that the Plaintiff is therefore liable for substantial liquidated damages.

The Complaint also alleges claims for negligence and negligent misrepresentation against the project's design engineer, CH2MH. In addition, on September 14, 2007, the Plaintiff filed a Third Party Complaint against Environmental Dynamics, Inc. alleging breach of contract and an indemnification claim based on Environmental Dynamics' alleged failure to honor an extended warranty on "diffusers" it supplied for the Project.

The City filed the subject Motion to Dismiss on August 24, 2007. The Plaintiff responded to the Motion with the subject Motion to Amend which, if allowed, would render the City's Motion to Dismiss moot.

## II. <u>DISCUSSION OF CLAIMS</u>

Concerning motions to amend generally, pursuant to Fed. R. Civ. P. 15(a) "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Although whether to grant a motion to amend is within the district court's discretion, the Supreme Court has held that courts must grant leave to amend absent a substantial reason to deny leave. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). The Fourth Circuit has stated that "under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." <u>United States v. Pittman</u>, 209 F.3d 314, 317 (4th Cir. 2000) (noting civil standard in

criminal case).  Accord  Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999).

The Plaintiff seeks to amend its Complaint to replace its quantum meruit claim with a claim alleging an implied in fact contract.  The City argues that the Plaintiff's Motion to Amend should be denied as futile because sovereign immunity bars both implied in law and implied in fact contracts.

North Carolina courts have squarely held that sovereign immunity bars recovery solely based on quantum meruit or an implied in law contract.  See, e.g., Whitfield v. Gilchrist, 348 N.C. 39, 42, 497 S.E.2d 412, 414 (1998); and Data General Corp. v. County of Durham, 143 N.C. App. 97, 545 S.E.2d 243 (2001).  Accordingly, the issue here is whether the reasoning barring a suit against a public governmental authority based on an implied in law contract also bars a suit based on an implied in fact contract.

The North Carolina courts have clearly distinguished these two kinds of implied contracts. For example, the North Carolina Court of Appeals has explained that, "[a]n implied in fact contract is an agreement between parties, but the terms of the agreement have not been fully expressed in words and, instead, are established by the parties' conduct. . . . In contrast, a contract implied in law is not based on some actual agreement between the parties, but is a contract implied by law to prevent the unjust enrichment of a party."  Thompson-Arthur Paving Co. v. Lincoln Battleground Assoc., Ltd., 95 N.C. App. 270, 280, 382 S.E.2d 817, 823 (1989) (internal citations omitted; emphasis added).

The North Carolina Court of Appeals has recently distinguished implied in fact and implied in law contracts in the context of public employment, permitting employees to bring suits against their public employers based on the former, while recognizing the bar of suits based on the latter.

See Sanders v. State Pers. Comm'n, __ N.C. App. __, 644 S.E.2d 10, 14-15 (May 1, 2007) (holding that an implied in fact employment contract is an "actual contract[]" upon which a suit is not barred by sovereign immunity, distinguishing implied in law contracts "which do not involve a contract"); and Archer v. Rockingham County, 144 N.C. App. 550, 557, 548 S.E.2d 788, 792-93 (2001) (same). See also Peverall v. County of Alamance, 154 N.C. App. 426, 430, 573 S.E.2d 517, 520 (2002) (holding that county implicitly waived sovereign immunity by entering employment contract); and Hubbard v. County of Cumberland, 143 N.C. App. 149, 153-54, 544 S.E.2d 587, 590 (2001) (same).

Although the City attempts to distinguish the above cited cases as arising in a public employment context, which is true, the undersigned concludes that this is a distinction without a material difference. Here the Plaintiff entered a binding contract with the City, which waives the City's sovereign immunity by operation of clearly established law, then alleges that it was required to do substantial extra work due to the errors and specific requests of the City. Just as it would be unfair to engage public employees and then deny them judicial recourse to seek employment benefits they have been allegedly denied or other damages they have suffered, it would be unfair and untoward to allow a governmental entity to enter a contract, then fail to fulfill its side of the bargain and/or to require the contractee to perform substantial additional work without just compensation.

The City also argues that the Plaintiff's claim for breach of an express contract precludes the claim for an implied in fact contract. While the City is correct that "there can be no recovery for breach of implied contract when an express contract covers the same subject matter," it is also true that "[l]iberal pleading rules permit pleading in the alternative." Catoe v. Helms Construction & Concrete Co., 91 N.C. App. 492, 497-98, 372 S.E.2d 331, 335 (1988) (internal citations omitted). Accord Fed. R. Civ. P. 8(e)(2) (allowing pleading various claims or defenses in the alternative).

5

Although the proposed First Amended Complaint does not specifically recite that the implied in fact contract is pled in the alternative to the express contract claim, the Plaintiff makes this intention unequivocally clear in its Reply Memorandum.

Finally, it is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings should be denied as moot. <u>Accord</u> <u>Young v. City of Mount Ranier</u>, 238 F. 3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect); <u>and</u> <u>Turner v. Kight</u>, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint). Accordingly, because the Plaintiff has been granted leave to file an Amended Complaint (which will not only supersede the original Complaint but also eliminates the single ground for dismissal raised in the Defendant City's motion), the undersigned will respectfully recommend that the City's Motion to Dismiss be <u>denied as moot</u>.[1]

## III. <u>ORDER</u>

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. The Plaintiff's ". . . Motion for Leave to File its First Amended Complaint" (document #18) is **GRANTED**.

2. <u>The Plaintiff shall file its First Amended Complaint, with the express provision that Count II is an alternative pleading, within ten (10) days of the date of this Memorandum and Recommendation and Order.</u>

---

[1]The Honorable Frank D. Whitney's Initial Scheduling Order, docketed in this action on July 11, 2007, would ordinarily treat such a 12(b)(6) motion as a "placeholder[] which preserve[s] the defense for future adjudication (*e.g.*, at summary judgment or trial)." However, because the Motion to Amend cures the suggested defect, the undersigned respectfully recommends that the Motion to Dismiss be denied at this time as moot.

# IV. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the "City of Charlotte's Motion to Dismiss" (document #13) be **DENIED AS MOOT**.

# V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989); <u>United States v. Rice</u>, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to <u>de novo</u> review by the district court. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder</u>, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Diamond</u>, 416 F.3d at 316; <u>Wells</u>, 109 F.3d at 201; <u>Page</u>, 337 F.3d at 416 n.3; <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties, <u>and to the Honorable Frank D. Whitney</u>.

**SO ORDERED AND RECOMMENDED.**

Signed: October 16, 2007

Carl Horn, III
United States Magistrate Judge